UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**09-20992**

GILDA JAVIER, individually,

    Plaintiff,

**CIV - HUCK** MAGISTRATE JUDGE
O'SULLIVAN

v.

RUBIN & DEBSKI, P.A., a Florida Corporation, and
NICOLE D. RAINES, individually,

    Defendants.

FILED by _AJS_ D.C.
APR 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

### PARTIES

3. Plaintiff, GILDA JAVIER, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, RUBIN & DEBSKI, P.A., is a Florida Corporation and law office with its principal place of business located at 4417 Beach Boulevard, Suite 400, Jacksonville, Florida 32207 and whose principle occupation is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, NICOLE D. RAINES, is an attorney residing and working in the State of Florida from offices located at 4417 Beach Boulevard, Suite 400, Jacksonville, Florida 32207 and whose principle occupation is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendants regularly collect or attempt to collect debts for other parties. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

*(a) Abusive practices*
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

10.   Defendant sought to collect a debt from Plaintiff arising from a Capital One Bank credit card used by Plaintiff for personal, family or household purposes.

11.   After filing a state court lawsuit but before serving GILDA JAVIER with process, Defendant sent a written communication to Plaintiff on or about March 11, 2009.

12.   A true and correct copy of the March 11, 2009 communication is attached hereto as Exhibit "A".

13.   The written correspondence suggests that the Plaintiff has been instructed by the Court to appear at a Pre-Trial Conference on April 1, 2009 and fails to attach the state court lawsuit.

14.   Plaintiff had no reason to appear in Court on April 1, 2009 as the Court never obtained jurisdiction over Plaintiff due to lack of service of process.

*Klosenski v. Flaherty*, 116 So.2d 767, 768 (Fla. 1959); *Ball v. Jones*, 65 So.2d 3, 4 (Fla. 1953).

15. Because of the small amount of the alleged debt, Defendants knew that Plaintiff would likely appear in Court on April 1, 2009 as she would not be aware of any jurisdictional defense and the cost of attorney's fees to learn of her defenses and assert them would exceed the amount sought.

16. Upon information and belief, Plaintiff maintains that Defendants, in an effort to coerce Plaintiff into acquiescing to the alleged debt, specifically chose not to include the state court lawsuit in their March 11, 2009 correspondence so that Plaintiff would appear at the Pre-Trial Conference without any knowledge of the allegations against her and thus undermining her ability to formulate a viable legal defense.

## COUNT I
## FALSE REPRESENTATION OF THE CHARACTER, AMOUNT OR LEGAL STATUS OF THE ALLEGED DEBT

17. Plaintiff incorporates Paragraphs 1 through 16.

18. By suggesting that Plaintiff was instructed by the Court to appear at a Pre-Trial Conference on April 1, 2009, Defendants falsely represented the character or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## DECEPTIVE OR MISLEADING NOTICE

19. Plaintiff incorporates Paragraphs 1 through 16.

20. By containing confusing and/or deceptive language in its March 11, 2009 correspondence, Defendants violated 15 U.S.C. §1692e(10) as the statements contained in said letter would be deceptive or misleading to the least sophisticated consumer with respect to her legal rights under Florida law.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III
## MISREPRESENTATION OF COURT INVOLVEMENT

21.    Plaintiff incorporates Paragraphs 1 through 16.

22.    By containing confusing and/or deceptive language in its March 11, 2009 correspondence, Defendants violated 15 U.S.C. §1692e(9) as the statements contained in said letter would create a false impression to the least sophisticated consumer with respect to whether she had been instructed by the Court to appear at a Pre-Trial Conference on April 1, 2009.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

23.    Plaintiff incorporates Paragraphs 1 through 16.

6

24. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendants practices are in violation of the FDCPA and FCCPA.

25. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

26. Plaintiff seeks both injunctive relief and equitable relief in accordance with her rights under both state and federal law.

WHEREFORE, PLAINTIFFS requests that the Court enter judgment:

    a. Declaring that Defendants have violated both the FDCPA and FCCPA.

    b. Permanently enjoining Defendants from sending similar deceptive communications in violation of Florida law;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 14TH day of April, 2009.

SCOTT D. OWENS, ESQ.
Attorney for Plaintiff
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, FL 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com

By:_____
Scott D. Owens, Esq.
Florida Bar No. 0597651

8

# RUBIN & DEBSKI, P.A.
ATTORNEYS AND COUNSELORS AT LAW

POST OFFICE BOX 47718
JACKSONVILLE, FLORIDA 32247

(800) 733-0717
(904) 425-0901

Facsimile
(904) 425-0906

March 11, 2009

N0833049
GILDA JAVIER
19815 NE 14TH AVE
MIAMI FL 33179-3548

    Client: CAPITAL ONE BANK (USA), N.A.
    Account No.: 4121741365928139
    Our File No.: N0833049

Dear GILDA JAVIER:

The Court has scheduled a Pre-Trial Conference in the case we brought against you. Please refer to the Summons that is enclosed with this letter for the hearing date, time and location.

We would like to speak with you about resolving the case without the need to appear in court, please contact our office as soon as possible. Call today to see if we can resolve this case prior to the hearing date.

This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Rubin & Debski, P.A.

By: *[signature]*

Nicole D. Raines
Attorney at Law

RD:l81 SMW

# EXHIBIT A

₳JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GILDA JAVIER, individually | RUBIN & DEBSKI, P.A. and NICOLE D. RAINES |
| (b) County of Residence of First Listed Plaintiff  Miami-Dade County (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Duval County (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Scott D. Owens, Esq./COHEN & OWENS, P.A. 3801 Hollywood Boulevard, Suite 200, Hollywood, FL 33021 Phone: 954-923-3801 | Attorneys (If Known) |

09-cv-20992-Huck/o'Sullivan

FILED by AJS D.C.
APR 15 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE _____    DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
FDCPA Violation

LENGTH OF TRIAL via  1  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ✓ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD _[signature]_
DATE  4/14/09

FOR OFFICE USE ONLY
AMOUNT  350—   RECEIPT #  999147   IFP